UNITED STATES *v.* BROWN & CO. ET AL (No. 1998).[1]

1. CONSTRUCTION, PARAGRAPH 34, TARIFF ACT OF 1913—"PREPARED"—CLEANING—DRYING—SPLITTING.

Cleaning and drying, and splitting for the purpose of cleaning or drying, are not processes of manufacture, and do not ordinarily carry merchandise into the category of "prepared," as that term is used in tariff nomenclature generally and in paragraph 34, tariff act of 1913, particularly.

2. FISH SOUNDS, CLEANED, DRIED, AND SPLIT.

Fish sounds which have been cleaned and dried, after having been split to facilitate the cleaning and drying, imported to make soup, are not dutiable under paragraph 34, tariff act of 1913, as "prepared fish sounds," but are admissible free of duty under paragraph 419, as "fish sounds, crude, dried, or salted for preservation only and unmanufactured."

United States Court of Customs Appeals, February 21, 1920.

APPEAL from Board of United States General Appraisers, G. A. 8276 (T. D. 38088).

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Harry M. Farrell,* special attorney, of counsel), for the United States.

*Allan R. Brown* for appellees.

[Oral argument Dec. 16, 1919, by Mr. Farrell and Mr. Brown.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise herein the subject of decision consists of fish maw or fish sounds. The Board of General Appraisers found from the evidence in the case that they were taken from the fish, cut in half, washed, and dried in the sun, and were to be used for food by the Chinese population in this country; that after importation and in preparation for their use as food they were cut into small pieces or strips, scraped and boiled, and, in the form of soup, as a part thereof, eaten as such. The testimony shows that the cutting or splitting in the first instance, which is done abroad, is for the purpose of facilitating their cleaning and drying. The board said:

It seems plain from the testimony, however, that such splitting is part of the drying process, and that such drying in the sun and washing is all that is done to them to fit them for use as food in soup * * *.

[1] T. D. 38295 (38 Treas. Dec., 168).

The merchandise was assessed for duty by the collector at the port of New York under the provisions of paragraph 34 of the current tariff act as "prepared fish sounds." The protestants' claim, which was sustained by the board, was that they were free of duty as "fish sounds, crude, dried, or salted for preservation only, and. unmanufactured," under paragraph 419. The board concluded, as a matter of law, that the condition in which the sounds were imported did not constitute them "prepared" within the provisions of paragraph 34, and sustained the protest of the importers. The Government appeals.

It has been frequently held by this court, and is well-settled law, that cleaning is not a process of manufacture. United States v. Salomon (1 Ct. Cust. Appls., 246; T. D. 31277); Simpson v. United States (2 Ct. Cust. Appls., 222; T. D. 31952); United States v. Maine Central Railroad Co. (7 Ct. Cust. Appls., 114; T. D. 36427).

Nor is splitting for the purpose of drying or cleaning such a process as ordinarily carries merchandise into the category of "prepared," as that term is frequently used in tariff nomenclature.

A similar case in principle was decided by the United States Circuit Court of Appeals for the Second Circuit in A. Zanmati & Co. v. United States (153 Fed., 880). In that case the merchandise consisted of "mushrooms cleaned, sliced, and dried in the sun." They were classified for dutiable purposes by the collector of customs at the port of New York as "vegetables prepared or preserved" under the tariff act of 1897. The importers in that case claimed that the merchandise was properly classifiable for dutiable purposes as "vegetables in their natural state." The Board of General Appraisers found, as in this case, that the mushrooms were sliced to facilitate drying, and that the slicing was done when the mushrooms were cleaned. The court said per curiam:

Here the mushrooms have not been subjected to any process whereby their condition is changed or advanced from a state of nature. * * * It would seem to follow that the slicing of the mushrooms solely in order to facilitate the natural drying operation should not take them out of the category of "vegetables in their natural state."

See also Andrews & Co. et al. v. United States (8 Ct. Cust. Appls., 68; T. D. 37199).

The court agrees with the Board of General Appraisers in its interpretation of the law and is of the opinion that its judgment should be affirmed.

*Affirmed.*