UNITED STATES *v.* STONE & DOWNER (No. 2384).[1]

1. CLEANING NOT A MANUFACTURE.

As a general rule, a mere cleaning process, the purpose of which is to isolate the article of commerce from impurities, and which does not advance it beyond a clean state or condition, and which does not affect the article per se can not be said to be a manufacturing process.

[1] T. D. 40296.

2. CONSTRUCTION, PARAGRAPH 1106, TARIFF ACT OF 1922—CARBONIZED WOOL. Wool which has been carbonized, the purpose and effect of the carbonizing process being only to free it from such substances as burrs, grass, and seeds, has not been taken beyond the provision of paragraph 1102, tariff act of 1922, for cleaned wool into that of paragraph 1106 for advanced wool.

## United States Court of Customs Appeals, June 24, 1924

APPEAL from Board of United States General Appraisers, G. A. 8749 (T. D. 40043)

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Laurence,* special attorney, of counsel), for the United States.

*William L. Wemple* for appellee.

[Oral argument June 5, 1924, by Mr. Lawrence and Mr. Wemple

Before SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

Hatfield, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of carbonized wool; it was assessed for duty by the collector under paragraph 1106 of the tariff act of 1922, which reads as follows:

PAR. 1106. Wool, and hair of the kinds provided for in this schedule, which has been advanced in any manner or by any process of manufacture beyond the washed or scoured condition, including tops but not further advanced than roving, 33 cents per pound and 20 per centum ad valorem.

The importer protested the collector's classification and assessment and claimed that the merchandise was properly dutiable at 31 cents per pound, under paragraph 1102 of the act of 1922, which paragraph reads as follows:

PAR. 1102. Wools, not specially provided for, and hair of the Angora goat, Cashmere goat, alpaca, and other like animals, imported in the grease or washed, 31 cents per pound of clean content; imported in the scoured state, 31 cents per pound; imported on the skin, 30 cents per pound of clean content.

The Board of General Appraisers sustained the protest and the Government appealed.

It is contended by counsel on behalf of the Government that the carbonizing process through which the carbonized wool under consideration was put had advanced the wool by a process of manufacture beyond the washed or scoured condition of such wool, and accordingly that it was properly classified and assessed by the collector under paragraph 1106, supra.

It appears from the evidence that all wool must be cleansed by some cleansing process in order to prepare it for the first manufacturing process. If it is necessary to remove grease and dirt only, a cleansing process know as "scouring" is sufficient. This consists of washing the wool with soap and water, rinsing, and drying it. Wool that has been cleansed by this process is known as "scoured" wool.

Wool which is free from vegetable substances is called free wool.

If in addition to the foreign substances referred to vegetable matter such as burrs, grass, and seeds is found in the wool, it is put through an additional cleansing process to remove the vegetable substances, and this is called the carbonizing process.   This consists of subjecting the scoured wool to a treatment of sulphuric acid or aluminum chloride, after which it is heated and the vegetable matter is converted into carbon; the carbon is reduced to a powder and then dusted out of the wool.

It seems to us that the carbonizing process is purely a cleansing process, for the purpose of securing clean wool, and that that is the object and purpose of both processes.   The defective wool, that is, the wool in which is found the vegetable substances, is carbonized in an effort to advance it to the condition of the wool which is free from such vegetable substances, and to so change its inferior and defective condition as will make it suitable for the first process of maufacture and conversion into another and different commercial entity.

It is true that the condition of the carbonized wool has been advanced by the process of carbonization, but only to the extent that it has been cleansed of foreign substances, and when so advanced in condition it is clean wool and nothing more; it being the purpose of both processes to secure clean wool, we are of the opinion that the carbonized wool under consideration has not been advanced in any manner beyond the scoured condition of free or clean wool, but only advanced to the scoured condition of wool free from vegetable substances.   It is but a process of eliminating foreign matter from the article of commerce by cleansing.   It had no effect upon the wool itself, other than to eliminate the impurities, except possibly to reduce the strength of its fibers, which was not the purpose of the cleansing process.

Such a cleansing process is not one of manufacture which advances the defective wool beyond the condition of clean wool.

As a general rule, a mere cleansing process, the purpose of which is to isolate the article of commerce from impurities, and which does not advance it beyond a clean state or condition, and which does not affect the article per se, can not be said to be such a manufacturing process as is provided for in paragraph 1106, supra—United States *v.* Sheldon & Co. (2 Ct. Cust. Appls. 485; T. D. 32245); United States *v.* Maine Central Railroad Co. (7 Ct. Cust. Appls. 114; T. D. 36427); Smillie & Co. *v.* United States (11 Ct. Cust. Appls. 199; T. D. 38966).

We think that the provisions of the paragraph under consideration have reference to such merchandise when advanced by a process of manufacture beyond the state and condition of clean wool.

The judgment of the Board of General Appraisers should be and accordingly is *affirmed.*