## UNITED STATES *v.* BROWN & CO. (No. 2511)[1]

1. RELATIVE SPECIFICITY—"FISH SOUNDS"—"BLADDERS."

The provision of paragraph 1523 and 42, Tariff Act of 1922, for "fish sounds" is obviously a more specific designation of fish sounds than the one of paragraph 1655 for "bladders."

2. CONSTRUCTION—CHANGE IN LANGUAGE SIGNIFYING CHANGE IN MEANING—KNOWLEDGE OF JUDICIAL DECISIONS IMPUTED TO CONGRESS.

Paragraph 34, tariff act of 1913, levied duty upon "prepared fish sounds." The corresponding paragraph (42) of the act of 1922 levies duty upon "fish sounds, cleaned, split, or otherwise prepared." In 1920, the United States Court of Customs Appeals, in *United States* v. *Brown & Co.*, 10 Ct. Cust. Appls. 47, T. D. 38295, held that fish sounds which had been cleaned, split, and dried were not "prepared" under paragraph 34, tariff act of 1913. Knowledge of this decision must be imputed to Congress, and the change in language must be interpreted as manifesting an intention to meet it and to levy duty on cleaned, split, and dried fish sounds under paragraph 42, Tariff Act of 1922, taking them out of the provision for "Fish sounds, crude, dried * * *," in free list paragraph 1523. This must be regarded as an exception deliberately made by Congress to the rule that cleaning and drying are not manufacturing processes.

United States Court of Customs Appeals, April 14, 1925

APPEAL from Board of United States General Appraisers, Abstract 48203

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

*Allan R. Brown* for appellees.

[Oral argument Mar. 24, 1925, by Mr. Lawrence and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The merchandise in this case is admittedly fish sounds, cleaned and split, imported at various dates in 1922 and 1923, after the Tariff Act of 1922 became effective. It was returned for duty at 25 per centum ad valorem as "fish sounds, cleaned, split, or otherwise prepared," under the following provision of paragraph 42 of the Tariff Act of 1922:

Casein glue, agar agar, isinglass, and other fish sounds, cleaned, split, or otherwise prepared, and manufactures, wholly or in chief value of gelatin, glue or glue size, 25 per centum ad valorem.

The importers claim the goods in question to be free of duty under paragraph 1523, or alternatively under paragraph 1655 of said tariff act. Said paragraphs are as follows:

1523. Fish sounds, crude, dried, or salted for preservation only, and unmanufactured, not specially provided for.

---

[1] T. D. 40846.

1655. Sausage casings, weasands, intestines, bladders, tendons, and integuments, not specially provided for.

The importers do not insist here upon their claim under paragraph 1655, and it is therefore not seriously considered by this court. In any event, the goods being concededly fish sounds, would not be as specifically described by the designation "bladders," found in paragraph 1655, as they would be under either paragraph 1523 or 42.

It is contended by the importers that the goods imported, having been subjected to no processes except that of cleaning, splitting, and drying, are not to be considered as "prepared," but as crude and dried fish sounds, and in support of this contention the importers cite and rely upon *United States* v. *Brown & Co.*, 10 Ct. Cust. Appls. 47, T. D. 38295, and other authorities cited therein.

Prior to the enactment of the Tariff Act of 1922, in succeeding tariff acts, fish sounds were generally classified in two classes, crude fish sounds being usually free, and prepared fish sounds dutiable. Paragraph 23, tariff act of July 24, 1897; paragraph 23, tariff act of August 5, 1909; paragraph 34, tariff act of October 3, 1913.

Under these succeeding tariff acts, the courts, passing upon the dutiable status of this class of goods, held that cleaning and drying were not processes of preparation. This line of authority is well summed up in *United States* v. *Brown*, 10 Ct. Cust. Appls. 47, T. D. 38295, where the court held that the splitting and cleaning of fish sounds was not a preparation and would not bring the articles in question within the purview of paragraph 34 of the tariff act of October 3, 1913, which provided for "prepared" fish sounds. The opinion in that case was filed February 21, 1920.

The Congress, in preparing the Tariff Act of 1922, departed from the language formerly employed, and inserted, in defining what should be considered as dutiable fish sounds, the language "cleaned, split, or otherwise prepared." It is contended by the importers that the insertion of this language does not vary the construction to be placed upon the word "prepared," and that fish sounds, cleaned and split, are still to be considered as not prepared. If this be true, what does the added language mean? To so hold would be to render such language meaningless. It must be assumed the Congress was fully cognizant of the decision of this court in *United States* v. *Brown, supra*. The reasonable deduction to be drawn from the added language is that Congress intended to meet and cover the point decided in that case, and to provide that if fish sounds were cleaned or split, they should be considered as dutiable. The words "cleaned, split, or otherwise prepared," if given a reasonable interpretation, must mean, in this connection, that if the sounds are either cleaned or split or prepared in any other way, they are

dutiable under paragraph 42, at 25 per centum ad valorem, and we so construe the language.

The court is well aware of the uniform holdings in customs cases as to the meaning to be attached to the word "prepared," and does not desire to be understood as departing from such holdings except as to the particular subject matter passed upon in this case. Here the Congress has deliberately established a rule as to what shall be considered a method of preparation as applied to the particular commodity in question, namely, fish sounds. It is the duty of the court to interpret this language in conformity with its manifest intent.

The judgment of the Board of General Appraisers is *reversed.*