### UNITED STATES v. MAKAROFF (No. 2765)[1]

CONSTRUCTION, PARAGRAPH 721, TARIFF ACT OF 1922—"FRESH CAVIAR."

The provision of paragraph 721, Tariff Act of 1922, for "caviar and other fish roe for food purposes, packed in ice or frozen, prepared or preserved by the addition of salt in any amount, or by other means" does not include all caviar, but only such as is "packed in ice or frozen, prepared or preserved by the addition of salt in any amount, or by other means." *United States* v. *American Express Co.*, 2 Ct. Cust. Appls. 95, T. D. 31636, distinguished. Sturgeon roe washed in a very weak aqueous solution of salt for the purpose of cleansing and hardening it, the salt not being sufficient to preserve it, known as "fresh caviar," was classified under this provision. Although the mere *cleansing* was not a preparation, the *hardening* may have been; and the presumption of correctness attendant upon the collector's classification was not overcome.

[1] T. D. 41912.

United States Court of Customs Appeals, December 14, 1926

APPEAL from Board of United States General Appraisers, G. A. 9098, T. D. 41390

[Reversed.]

*Charles D. Lawrence*, Assistant Attorney General (*Jerome G. Clifford*, special attorney, of counsel), for the United States.

*Walden & Webster* (*Edward F. Jordan* of counsel) for appellee.

[Oral argument October 19, 1926, by Mr. Lawrence and Mr. Jordan]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, called "fresh caviar" and consisting of the roe of the sturgeon and imported in tin containers, was assessed for duty by the collector at 30 per centum ad valorem as prepared caviar under paragraph 721 of the Tariff Act of 1922, which reads as follows:

PAR. 721. Crab meat, packed in ice or frozen, or prepared or preserved in any manner, 15 per centum ad valorem; fish paste and fish sauce, 30 per centum ad valorem; caviar and other fish roe for food purposes, packed in ice or frozen, prepared or preserved by the addition of salt in any amount, or by other means, 30 per centum ad valorem.

It was claimed in the protests that the merchandise was dutiable under paragraph 1459, Tariff Act of 1922, at 10 per centum ad valorem as a nonenumerated raw or unmanufactured article, or at 20 per centum ad valorem as an article manufactured in whole or in part, not specially provided for, or, alternatively, under paragraph 717, as "fish, not specially provided for."

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 717. Fish, fresh, frozen, or packed in ice: Halibut, salmon, mackerel, and swordfish, 2 cents per pound; other fish, not specially provided for, 1 cent per pound.

From the evidence in the case it appears: That the merchandise is obtained from fish called sturgeon; that the roe is removed from the tubes in which it is contained in the belly of the fish, and forced through a sieve, so as to separate the roe from the tissue and blood of the fish, into a solution of 5 or 6 gallons of clear water containing about "two or three spoons of table salt, sweet salt;" that the purpose of using the solution of salt and water is to cleanse the roe and to *harden it or give it rigidity;* that the roe is then put in cheesecloth and the water permitted to drain off; that no salt or other preservative is added to it; that it is bought and sold, sometimes as "fresh caviar" and sometimes as "fresh unsalted caviar;" that it usually has a sweet taste, although some has a slightly salty flavor; that it is

imported in tin containers which are not hermetically sealed; and that it is imported and must be kept under refrigeration or in a very cold place, otherwise it will not keep longer than a day or two.

Upon this record the court below held that the merchandise was not dutiable as "caviar   *   *   * ˙ packed in ice or frozen, prepared or preserved by the addition of salt in any amount, or by other means," but that it was dutiable as a nonenumerated unmanufactured article at 10 per centum ad valorem under paragraph 1459, and the protests were sustained.   In its opinion the court, among other things, said:

*   *   *   Under the provision in paragraph 721 for caviar "prepared or preserved by the addition of salt in any amount, or by other means," the necessary requirement is that the caviar be prepared or preserved with salt.   Whether such preparation or preservation is brought about by the addition of a small or a large quantity of salt or by other means is immaterial so long as the result is preparation for the purpose of preservation.   But however large or small a quantity of salt may be used in the water in which the caviar is cleansed (there was no salt added to the caviar itself or included in the packing of it), it is not in fact "preserved by the addition of salt in any amount" within the meaning of the paragraph, or prepared within the statutory purpose.   *   *   *

The Government's contention is that because this caviar is washed in a weak brine it is "prepared   *   *   *   by the addition of salt in any amount."   It is obvious that when this small quantity of salt is put in the water the salt is dissolved, and the result is a brine.   It is with this brine that the caviar is washed. For tariff purposes brine is a separate and distinct article from salt.   Congress has always distinguished between them.   It would be just as reasonable to say that the washing of a fish by a housewife prior to putting it in to cook is a "preparation" within the meaning of paragraph 721 as it would be to say that the washing of this caviar in a weak brine is such a preparation.   The only object in both cases is to clean.

We hold that by the new words in the act of 1922, "prepared or preserved by the addition of salt in any amount," Congress intended to include caviar to which any salt had been *added* in the preparation, the presumption being that this would tend to preserve it, however slightly.   Simply washing it in a slightly salt solution does not tend to thus prepare or preserve it.   *   *   *   (Italics quoted.)

It is claimed by the Government that caviar is *eo nomine* and unqualifiedly provided for in paragraph 721, and that, as the merchandise in question is caviar, the qualifying provisions "packed in ice or frozen, prepared, or preserved, by the addition of salt in any amount, or by other means," do not relate to it.   The case of *United States* v. *American Express Co.*, 2 Ct. Cust. Appls. 95, T. D. 31636, is cited as authority for this construction of the statute. It is further contended that if the qualifying provisions of the statute should be held to relate to caviar, the merchandise in question, having been immersed in salt water for the purpose of hardening it and giving it rigidity, as well as for cleansing purposes, has been prepared within the meaning of the statutory provisions.

It is contended by the appellee: That, as no salt or other preservative has been added directly to the caviar, except such as may have adhered to it during the cleansing process, and as it must be kept under refrigeration in order to prevent it from spoiling, it has not been prepared or preserved by the addition of salt in any amount or otherwise, within the meaning of the provisions of paragraph 721; and that it is dutiable, as held by the court below, as a non-enumerated raw or unmanufactured article under paragraph 1459.

We are unable to agree to the Government's construction of paragraph 721. It provides for "caviar and other fish roe for food purposes, packed in ice or frozen, prepared, or preserved, by the addition of salt in any amount, or by other means."

In the case of *United States* v. *American Express Co.*, *supra*, this court had under consideration paragraph 270 of the tariff act of 1909, the pertinent part of which read as follows:

PAR. 270. * * * caviar, and other preserved roe of fish, thirty per centum ad valorem.

The court held that caviar was *eo nomine* and unqualifiedly provided for by the paragraph. In this connection the court said:

Whether the word "preserved" before the word "other" takes import from the word "caviar" as following and influenced by that word is not here necessary of decision. The whole sentence might be held a legislative determination that that which constitutes "preserved roe of fish" shall be deemed to be a condition of fish roe resembling conditions or degrees of preservation represented by caviar. Nor do we deem it necessary to consider whether or not the status or degree of preservation of "preserved roe of fish" following the word "caviar" legislatively fixes the status or degree of preservation of caviar in order to bring it within the statute. Without deciding or giving weight to any of these latter suggestions we think the unmistakable intent of the Congress was to make all caviar dutiable at 30 per cent ad valorem, and since that intent can be made effective by applying the well-settled rule of interpretation in the manner considered *to the language here employed by Congress* it is our duty to do so. (Italics ours.)

We are in accord with the conclusion reached in that case. The language and punctuation of the provisions there under consideration clearly warranted the construction adopted by the court.

The provisions of paragraph 721, however, differ materially from those in paragraph 270 of the tariff act of 1909 and those in paragraph 216 of the tariff act of 1913. Without entering upon a detailed discussion of the rules of statutory and grammatical construction pertinent to the issue involved, we think it is sufficient to say that the purpose of the Congress to limit the provision in paragraph 721 for caviar to such as is "packed in ice or frozen, prepared, or preserved by the addition of salt in any amount, or by other means" is evident. Had the Congress intended to include in the paragraph all caviar, it would have been an easy and simple matter to have said so in language free from ambiguity.

Accordingly, the question before us is: Has the caviar in question been prepared or preserved, by the addition of salt in any amount, or by other means?

The witness, J. J. Kouyoumdjoglou, in testifying for the importer said: That when the roe was separated from the sturgeon it was "caviar;" and that the purpose of using salt water in the preparation of the caviar is not only for cleansing purposes, but also to harden the eggs. If the use of the comparatively mild solution of salt water was solely for the purpose of cleansing the eggs, they could not be said to have been prepared or preserved within the statutory provisions. *United States* v. *Brown & Co. et al.*, 10 Ct. Cust. Appls. 47, T. D. 38295; *United States* v. *Stone & Downer*, 12 Ct. Cust. Appls. 293, T. D. 40296; *Cone & Co. (Inc.)* v. *United States*, 14 Ct. Cust. Appls. 133, T. D. 41672. Has not this process advanced the merchandise beyond a state of mere cleanness? No other processing is necessary in order to prepare the caviar for use as a food. Whether it could be used as a food without first hardening the eggs does not appear from the record.

A process which hardens a substance otherwise soft and pliable and thereby prepares it or makes it more valuable for its intended use is certainly a process of preparation; and the substance so processed has been advanced in condition or prepared for its intended use. Its character has been changed. In this hardened condition the caviar is ready for use as a food, and it is kept in this condition by refrigeration. But whether the eggs were hardened for the purpose of making them useful as a food or otherwise need not concern us to any great extent. The collector classified the merchandise under paragraph 721, as being "of the kind described in the entry or returned by the appraiser on the invoice." It was entered as "caviar," and advisorily returned by the appraiser as dutiable under paragraph 721. In his answers to the protests the appraiser describes the merchandise as "caviar prepared, put up in tins."

Caviar, prepared, by the addition of salt in any amount, or by other means, is specially provided for in paragraph 721. The collector's classification is consistent with a finding that the caviar is prepared either by the addition of salt in any amount, or by other means. Therefore, whether or not the evidence be considered as sufficient to prove affirmatively that the caviar has been prepared, the presumption of correctness attending the decision of the collector has not been overcome by evidence, which, at least, tends to sustain it.

We find it unnecessary to consider other questions discussed by the court below and argued by counsel.

The judgment is *reversed*.