UNITED STATES *v.* JOHN SEXTON & Co. (No. 3728)[1]

[1] T. D. 47140.

United States Court of Customs and Patent Appeals, May 31, 1934

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Ralph Folks*, special attorneys, of counsel), for the United States.

*James R. Ryan*, for appellee.

[Oral argument April 10, 1934, by Mr. Folks; submitted on brief by appellee]

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges [2]

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee imported at the port of Chicago certain goods described by the collector as "walnuts in brine in the shell." These were classified by the collector as prepared walnuts, under paragraph 760 of the Tariff Act of 1930. The importer protested, claiming the same to be dutiable as articles manufactured in whole or in part, not specially provided for, under paragraph 1558, as walnuts not shelled, under paragraph 760; or as edible nuts, pickled, or otherwise prepared or preserved, and not specially provided for, under paragraph 761 of said tariff act.

On the hearing, Edward R. Watson, an examiner at the port of Chicago, was called by the importer and testified. He stated that he had examined the merchandise in question; that it consisted of walnuts in the shell, in brine, packed in barrels of 30 gallons each; that the walnuts were completely immersed in brine, were neither hulled nor shelled, and that the witness tasted the brine and found it salty.

No samples were submitted and this concluded the testimony upon which the case was submitted.

The United States Customs Court sustained the protest, holding the goods to be dutiable as walnuts, not shelled. From that judgment the Government has appealed. In this court, the Government has insisted upon the correctness of the collector's classification. The importer relies alone upon his claim for classification under said paragraph 760, as walnuts, not shelled.

Said paragraph 760 is as follows:

PAR. 760. Walnuts of all kinds, not shelled, 5 cents per pound; shelled, 15 cents per pound; blanched, roasted, prepared, or preserved, including walnut paste, 15 cents per pound; pecans, unshelled, 5 cents per pound; shelled, 10 cents per pound.

From this record, it appears that the imported goods were walnuts, unshelled and unhulled. To what state of maturity the walnuts had arrived, does not appear. It is uncontroverted that they were

---

[2] HATFIELD, J., did not participate in this case.

walnuts. Again, it does not appear to what state of preparation or preservation these walnuts had been brought—whether permanent or temporary. Brine may be a method of preservation or preparation. *United States* v. *Makaroff*, 14 Ct. Cust. Appls. 304, T.D. 41912. While the language involved in that case was "prepared or preserved by the addition of salt in any amount", we think much of what we there said is applicable here.

With the record in this condition, it is quite obvious that the importer has failed to overcome the presumption of correctness attaching to the collector's classification, and has failed to establish any of its claims.

It is contended by the importer, and this view was seemingly adopted by the trial court, that if walnuts be not shelled, they are dutiable at 5 cents per pound under the first clause in the paragraph, and that the duty rate of 15 cents per pound for walnuts "blanched, roasted, prepared, or preserved, including walnut paste", ought only to be applied where the walnuts have been shelled and then prepared. However, there is no warrant for such a view within the language of this paragraph. If they be walnuts, and if they are blanched, roasted, prepared, or preserved, then the language plainly provides that a duty rate of 15 cents per pound shall be applied.

No reason appears why a walnut may not be prepared or preserved and still be unshelled, so far as the language of this paragraph provides.

A similar case is *United States* v. *Wo Kee & Co.*, 21 C.C.P.A. (Customs), 341 T.D. 46880. There, peanuts, salted and unshelled, were classified by the collector as peanuts, blanched, salted, prepared, or preserved, under paragraph 759 of the Tariff Act of 1930, which reads as follows:

PAR. 759. Peanuts, not shelled, 4¼ cents per pound; shelled, 7 cents per pound; blanched, salted, prepared, or preserved, not specially provided for, and peanut butter, 7 cents per pound.

They were claimed by the importer to be classifiable as peanuts, not shelled. There we said:

While the imported goods fall within the broad term "peanuts, not shelled", they also fall within the provision for peanuts "* * * salted, prepared, or preserved, not specially provided for", and although the provision does not mention *unshelled* salted peanuts, we think, in view of all the circumstances, that they should be held to be dutiable as "peanuts * * * salted, prepared, or preserved, not specially provided for" rather than under the first part of the paragraph. To hold otherwise would result in the anomaly of peanuts which have been salted, and in this way having been prepared or preserved, taking no higher rate of duty than the peanuts in their natural state, and in view of the considerations hereinbefore expressed, we cannot believe that this was the congressional intent.

The language is applicable here, and we think conclusive of the present issues.

The judgment of the United States Customs Court is *reversed*.

CONCURRING OPINION

GARRETT, Judge: There is some indication that the merchandise here involved *may be* of the same character as that involved in the case of *United States* v. *Crosse & Blackwell, Inc.*, and *Crosse & Blackwell, Inc.* v. *United States*, 22 C.C.P.A. (Customs) 214, T.D. 47141, decided concurrently herewith, but the record is so meager as that any conclusion to that effect would be a mere surmise or guess, and suits may not properly be decided upon surmises and guesses.

If the merchandise be, in fact, the same, I, of course, feel that it should be classified as expressed in my dissenting opinion in the said *Crosse & Blackwell* case, but since the record does not disclose what it is, I necessarily concur in the decision upon the ground that there has been a failure to overcome the presumption of correctness attaching to the collector's classification.